IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 0 8 2006

Michael N. Milby, Clerk

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| PETROFAC SERVICES, INC. | § § § | H 06 1563 |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments. As alleged with greater particularity in paragraphs 7-13 below, the Commission alleges that Petrofac Services, Inc. ("Petrofac"), paid Megan Poe at wage rates which are less than the rates paid to its male employees performing substantially equal work.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. §

206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Petrofac has continuously been a Texas corporation doing business in the State of Texas and the City of Houston.

5. At all relevant times, Defendant Petrofac has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. At all relevant times, Defendant Petrofac has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) [has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF CLAIMS

7. Since at least July 1, 2004, Defendant Petrofac violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to its female Buyers at its

Houston, Texas, offices at rates less than the rates paid to male employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

8. Megan Poe began working for Petrofac around July 1, 2004. Ms. Poe worked as a Senior Buyer. Petrofac paid Ms. Poe a salary of $50,000.00.

9. Also in July 2004, Petrofac hired Steve Yeargan. Yeargan's business card indicated that he also was a Petrofac Buyer. Yeargan was paid a salary of at least $60,000.00 when he was hired. Yeargan also received a raise during his employment with Petrofac.

10. Ms. Poe had more experience in procurement than did Mr. Yeargan. They performed the same job duties at the same establishment under similar working conditions. Their jobs required equal skill, effort, and responsibility.

11. In Spring 2005, Petrofac hired two other Buyers, Richard Halliburton and Wayne Jones. Petrofac paid Jones and Halliburton salaries of $65,000.00 each upon their being hired.

12. During her employment, Ms. Poe more than once requested a salary adjustment to bring her pay in line with that earned by males. Petrofac denied these requests.

13. As a result of the acts complained of above, Defendant Petrofac unlawfully has withheld and is continuing to withhold the payment of wages due to Megan Poe.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Petrofac, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite

sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

  B. Order Defendant Petrofac to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women [men] and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a judgment requiring Defendant Petrofac to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Megan Poe.

  D. Grant such further relief as this Court deems necessary and proper in the public interest.

  E. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

_____
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023
Equal Employment Opportunity
    Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]
timothy.bowne@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney
Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002